### SANDERS v. ETIWAN PHOSPHATE COMPANY.

1. Whether there is any evidence to support the allegations of the complaint is always a question of law for the court, and if there is a total lack of evidence to sustain its material allegations, a non-suit is not only proper but is demanded.

2. In action by a laborer for damages sustained in the course of his employment as a result of defendant's failure to supply the necessary material and to employ careful and competent workmen, the evidence showed that defendant had not failed in its duty in these respects. *Held*, that a non-suit was properly granted.

3. Negligence of any other character committed by the defendant through a representative was not alleged in the complaint, and, therefore, was not an issue in the cause.

Before FRASER, J., Charleston, March, 1882.

Action by R. B. S. Sanders against the Etiwan Phosphate Company, commenced December 20th, 1881. The opinion states the case.

*Messrs. Lee & Bowen,* for appellant.

*Mr. A. T. Smythe,* contra.

July 5th, 1883. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff, appellant, while in the employment of the defendant, respondent, as carpenter, received an injury by the falling of a building which was undergoing repairs, and upon which the appellant with others was employed, and he seeks to recover damages for this injury, claiming in his complaint $10,000 damages.

As a cause of action against the defendants, he alleges that he was, on or about September 27th, 1881, in the employment of the defendants as a carpenter upon a building of the defendants; "that it was the duty of the defendants to provide good, safe and secure braces and stays in the repairing of said building; that the defendants, not regarding their duty, employed careless, negligent and unskillful workmen in propping said building

with braces and stays in an unsafe, defective and insecure manner, of which they had notice; that for want of due care and attention to their duty in that behalf on the day and at the place aforesaid, and while said building was undergoing repairs aforesaid, for the use and service of the said defendants, and the plaintiff was on the same in the capacity aforesaid for the defendants, the said building by reason of unsafeness, defectiveness and insecurity thereof fell with the plaintiff," thereby causing the injury complained of.

At the hearing, upon the close of the plaintiff's testimony, the defendant moved for a non-suit, which was granted, Judge Fraser presiding. The plaintiff has appealed upon exceptions as follows: 1. "Because there was ample evidence to sustain the complaint of the plaintiff. 2. Because his Honor erred in ruling that there was no proof of the defendants' negligence, and that Whaley was only an employe, when there was evidence showing said Whaley to be a managing agent of the defendants, and also showing that there was negligence on the part of both the said Whaley and the said defendants, all of which were questions of fact and should have been referred to the jury. 3. Because there was evidence going to sustain every material allegation of plaintiff's complaint, and the plaintiff was entitled to the verdict of the jury upon it, and his Honor erred in not so ruling."

The only question before us is, whether the presiding judge committed error of law in granting the non-suit. A plaintiff's cause of action is found in the allegations of his complaint. Whether there is any evidence to support these allegations is always a question of law for the court. Whether the testimony, if any, when submitted, sustains their truth is for the jury. If, therefore, there is a total lack of evidence as to such of the allegations as are material—one or all—there is nothing to be submitted to the jury, and a non-suit in such case is not only proper but demanded. Hence, when the point is made whether a non-suit has been properly granted, the questions to be considered, are; first, what are the material allegations? and, secondly, whether there is a total failure of testimony as to these allegations.

The plaintiff in this case has brought his action to recover damages for an injury resulting, as alleged, from the conduct of careless, negligent and unskillful workmen in the employment of the defendant; and the defendant is sought to be made liable because such careless, negligent and unskillful workmen were employed. In other words, the cause of action relied on is that defendants employed such workmen with knowledge of their character. To have entitled the case, then, to go to the jury, there should have been some testimony that the workmen were careless, negligent and unskillful; that this was known to the defendants, or by proper attention might have been known, and that notwithstanding this they were employed by the defendants either directly or by an authorized agent.

Was there any testimony to these facts? The witnesses were Sanders, the plaintiff; T. L. Judson, Thornal and J. C. Judson. We have examined the reported testimony of these witnesses, and we fail to find a particle of positive evidence directed to the point of carelessness, negligence or unskillfulness on the part of the employes. These witnesses were all employed and seem to have been the leading carpenters. They claim to be mechanics of some experience. A number of others were engaged in the work, and the plaintiff himself says of them, that, taken as "a rule, they were pretty well fitted to the work." He does say, at another stage of the examination, that some of them were not fair hands, and he says that he complained to Mr. Whaley and had told him that he had better get rid of them.

This latter is the only statement in the entire examination which approaches the point of carelessness or negligence in the employes. This amounts to nothing more than that, in the opinion of the witnesses, those that he complained of could not be embraced in the category of "fair hands." This might be so in the sense that some were inferior to others and yet no responsibility attach to the employer on that account. There is no evidence that these were engaged in any part of the work for which they were unfitted. No doubt the character of the work required laborers and servants of different degrees of skill and experience, and that some were better than others is what is found in all work where a number is employed. The testimony

here appears to us to amount to nothing more than this, and it entirely fails to bear upon the precise question which the case required.

The indirect testimony as to this point is found in the description given by these witnesses of the manner in which the building was propped, braced and stayed, and manner in which it fell. These witnesses were the carpenters who were engaged in this work. They do not say that the failure to brace the building properly was because those employed were careless, negligent or unskillful, and but for this carelessness the bracing would have been better done; but it appears that all was done that was thought necessary, and that the building afterwards fell was not such a fact as by itself should have carried the case to the jury in an action against the employers for having employed careless and unskillful servants, knowing them to be so.

In *Gunter* v. *Graniteville Manufacturing Company*, 18 *S. C.* 262, this court held that in cases like this the employer was responsible for his own negligent acts, or those of his representatives, and that he was under obligation to use due care in the employment of his underservants, co-laborers, &c., and also in furnishing proper material and machinery and implements, according to the nature of the work, and that due care should be observed as to these matters while the work was continued, and that negligence, or the want of due care in these respects, would render him liable for injuries resulting therefrom.

The appellant in his complaint here relied upon but one of these causes of action or grounds of responsibility, viz., the employment of careless and negligent workmen. This we have discussed, and, finding no reason to reverse the order of the Circuit judge upon the case as made in the pleadings, we might close without further remark; but the second ground of appeal assigns error to the presiding judge in that he ruled that there was no proof of the defendants' negligence and that Whaley was only an employe, when there was evidence showing said Whaley to be a managing agent of the defendants, and also showing that there was negligence on the part of both the said Whaley and

the said defendants, all of which were questions of fact and should have been referred to the jury.

So far as the question of defendant's negligence was embraced in the complaint as to employing careless and negligent workmen, that has been disposed of. As to negligence of any other character committed through Whaley, as the representative of the defendant, occupying a higher position than a common workman or co-laborer with the others, there was no such question embraced in the pleadings, nor does it appear in the "Case" that the presiding judge made any ruling upon the subject. We suppose that the non-suit was granted because of the absence of all testimony to support the allegations in the complaint, and when we look to the complaint, the ground assigned was negligence by the defendant in employing the workmen. This did not involve the relation of Whaley to the company, except so far as Whaley may have been the agent through whom the workmen were employed, and whether this was so or not, still there was no testimony showing negligence in that respect on the part of either. Under the pleadings the general conduct of Whaley, even though he may have been a representative of the defendant, was not involved, nor, so far as we can see, did the judge consider that question.

We do not, therefore, regard the second ground of appeal as before us. Nor is the question of liability of the defendant for negligence in not providing proper braces and stays, or for propping the building with braces and stays in an unsafe manner, properly involved, though it was discussed in the argument of counsel, yet there was no evidence implicating the defendant in this respect. On the contrary, the material for these things was abundant and there was no restraint upon the workmen as to its use.

It is the judgment of this court that the order below be affirmed.